1
2
3
4
5 **UNITED STATES DISTRICT COURT**

6 **DISTRICT OF NEVADA**

7

8 UNITED STATES OF AMERICA, )
                                      )   2:10-cr-547-RLH-RJJ
9            Plaintiff, )
                                      )
10           vs. )"" **COMPLEX CASE**
                                      )    **SCHEDULE**
11 NICHOLAS GHAFOURIA, et al. )
                                      )
12           Defendant. )
   ─────────────────────────────────)

13

14                         **Certification**

15         Pursuant to LCR 12-1, undersigned counsel hereby certifies that this response is filed

16 in a timely manner.  The Honorable Robert J. Johnston declared this case complex on November

17 19, 2010.   The Court Ordered that the Proposed Complex Case Schedule be filed not later than

18 December 17, 2009.

19                 **Proposed Complex Case Schedule**

20         Pursuant to LCR 16-1(a)(2) of the Local Rules of Practice for the District of Nevada, the

21 United States, by and through the United States Attorney for the District of Nevada, and the

22 defendant, by and though counsel, submit the following proposed case schedule and disclosure

23 agreement for this Court's consideration.

24                      **Statement of Intent**

25         The purpose of the Joint Discovery / Complex Case Scheduling Agreement is to provide a

26 predictable framework for pre-trial disclosure of information, to establish a method for resolution

of discovery disputes without the need for Court intervention, and to provide a means for the well-informed and efficient resolution of this case. The Joint Discovery Agreement is not intended to create remedies not otherwise available to the parties under the U.S. Constitution, statute or the Federal Rules of Criminal Procedure. Nor is it intended to serve as a basis for allegations of misconduct or other claims for relief.

**Discovery Schedule**

A.      No later than **Friday, December 17, 2010**, the government will disclose to the defendant an initial disclosure package which will consist of summaries of post arrest statements of all the defendants. A substantial amount of information concerning the case has been disclosed in two detailed complaints filed in this matter. Plea offers will be submitted shortly thereafter to all defendants who request them.

B.      If, upon reviewing the initial disclosure materials and conferring with counsel, the defendant elects to proceed to trial, the government will disclose and/or permit defense counsel to examine other case-related materials within a second round of disclosure, to be completed not later than **January 28, 2011**, subject to exceptions as noted *infra*. Materials covered within this second round of disclosure shall include items related to the overall investigation.

C.      Not later than **March 11, 2011** the government will provide the defendant with reports, statements, memoranda and / or plea agreements (if applicable) of any confidential informants / cooperating defendants whose testimony is anticipated at trial. It is further stipulated that not later than this date:

       1.      All parties will provide expert disclosures as required under Rules 16(a)(1)(G) and (b)(1)(C), Federal Rules of Criminal Procedure.

           2.      Defendant will disclose all documents, objects, and reports of examination required under Rules 16(b)(1)(A) and (B), Federal Rules of Criminal Procedure.

3.       Defendant will provide notice of any defenses under Rule 12.1, Federal Rules of Criminal Procedure.

D.      It is proposed that Pre-trial motions shall be due on March 25, 2011, with responses due by April 8, 2011.  Defense counsel shall have until April 15, 2011 to file any replies.

E.      It is proposed that trial be set for May 2, 2011.

F.      Any party withholding the disclosure of items subject to this agreement will provide notice to the other party of the intent to withhold disclosure and describe the nature of the item and the basis for withholding disclosure.

G.      It is further stipulated between the parties that, pursuant to 18 U.S.C. § 3161, the time period from the defendant's arraignment until his proposed trial date of May 2, 2011 shall count as excludable delay pursuant to subsections 3161(h)(1)(F) and (8)(A) as this time period will be used to develop and litigate any potential pre-trial motions, and the case is sufficiently complex, due to the nature of the money laundering investigations and the volume of potential disclosure involved, such that failure to grant a continuance would potentially result in a miscarriage of justice.

**Limitations**

The parties agree that the disclosure deadlines set forth above apply to those objects, documents, items, and other disclosure matters that are in the possession, custody, or control of the parties at the time the obligation to disclose arises.  Nothing in this agreement is intended to relieve either party of the continuing duty to provide disclosures up to and through trial as to any matters required to be disclosed by statute, rule, or the United States Constitution.  Further, nothing in this agreement is intended to limit, or in any way affect, the determination of admissibility of evidence at trial or otherwise restrict or expand the remedies available to the Court for any breach of disclosure obligations as set forth in Rule 16(d).

**Duty to Resolve Discovery Matters Informally**

The parties further acknowledge a duty to make good faith efforts to meet and confer with each other to resolve informally any dispute over the scope, manner and method of disclosures

before seeking relief from the Court.  A breach of the duty to meet and confer, by either party,

may serve as the basis to grant or deny any subsequent motion for appropriate relief made before

the Court.

DATED this __17th__ day of December, 2010.


/s/ Daniel J. Albregts                                         /s/ Patrick Walsh
_____                        _____
Daniel J. Albregts, Esq.                                   PATRICK WALSH
Counsel for **Cathleen Renney**                    Assistant United States Attorney


/s/ Chad A. Bowers                                          /s/ William H. Brown
_____                        _____
Chad A. Bowers, Esq.                                      William H Brown, Esq.
Counsel for **Jonathan Gattenby**                 Counsel for **Shannon Walker**


/s/ Shari Kaufman                                            /s/ Karen A. Connolly
_____                        _____
Shari Kaufman, Esq.                                        Karen A. Connolly, Esq.
Counsel for **Scott Thompson**                     Counsel for **Ernest Gallagher**


/s/ Angela H. Downs                                        /s/ Craig W. Drummond
_____                        _____
Angela H. Dows, Esq.                                      Craig W Drummond, Esq.
Counsel for  **Kimberly Crawford**               Counsel for **Trevor Cunningham**


/s/ Benjamin C. Durham                                  /s/ Thomas A. Ericcson
_____                        _____
Benjamin C. Durham, Esq.                               Thomas A. Ericsson, Esq.
Counsel for **Cinthia Morgan Spoonts**        Counsel for **Jodaci Vogel**


/s/ Kevin Fitzgerald                                          Osvaldo E. Fumo
_____                        _____
Kevin Fitzgerald, Esq.                                      Osvaldo E. Fumo, Esq.
Counsel for **BJ Griffith**                              Counsel for **Demetha L Brown Jackson**

/s/ James Harsell                                             /s/ Krystallin D. Hernandez
_____                        _____
James Hartsell , Esq.                                        Krystallin D Hernandez, Esq.
Counsel for **Alfred Jones**                          Counsel for **Shawn Newkirk**

1   /s/ Kalani K. Hoo                           /s/ Terrence M. Jackson

2   _____                    _____
    Kalani K. Hoo, Esq.                         Terrence M. Jackson, Esq.
3   Counsel for **Melissa Cue**                 Counsel for **Ki Yong Parker**

4   /s/ Michael P. Kimbrell                     /s/ Todd M. Leventhal

5   _____                    _____
    Michael P. Kimbrell, Esq.                   Todd M. Leventhal, Esq.
6   Counsel for **Daniel Stevens**              Counsel for **Jon Horsley**

7   /s/ Jess R. Marchese                        /s/ Gary L. Myers

8   _____                    _____
    Jess R. Marchese, Esq.                      Gary L. Myers, Esq.
9   Counsel for  **John Covich**                Counsel for **Jacob McLaughlin**

10  /s/ Michael Ryan Pandullo                   /s/ Shawn R. Perez

11  _____                    _____
    Michael Ryan Pandullo, Esq.                 Shawn R. Perez, Esq.
12  Counsel for **Taylor Hill**                 Counsel for **Harley Rice**

13                                              /s/ Jonathan Powell

14  _____                    _____
    Thomas F. Pitaro, Esq.                      Jonathan Powell, Esq.
15  Counsel for **Nicholas Ghafouria**          Counsel for **John Skoog**

16  /s/ Chris T. Rasmussen                      /s/ Randall J. Roske

17  _____                    _____
    Chris T. Rasmussen, Esq.                    Randall J. Roske, Esq.
18  Counsel for **BJ Griffith**                 Counsel for **Anthony Diaz**

19  /s/ Richard E. Tanasi                       /s/ Bret Whipple

    _____                    _____
20  Richard E. Tanasi, Esq.                     Bret Whipple, Esq.
    Counsel for **Frankie Dupuis**              Counsel for **Andrey Ariza**
21

22  /s/ Mace Yampolsky

    _____
23  Mace Yampolsky, Esq.
    Counsel for **Kevin Gonzales**

24                                              IT IS SO ORDERED.

25                                              _____
                                                UNITED STATES MAGISTRATE JUDGE
26                                              DATE: DEC. 20, 2010

5